A. H. Fry v. Commissioner.
Fry v. Commissioner
Docket No. 220.
United States Tax Court
1944 Tax Ct. Memo LEXIS 361; 3 T.C.M. (CCH) 153; T.C.M. (RIA) 44050; February 24, 1944
*361 Thomas J. Bailey, Esq., 1102 Olds Tower Bldg., Lansing, Mich., and M. D. Harris, C.P.A., for the petitioner. Melvin S. Huffaker, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: A deficiency for 1940 of $3,202.64 in petitioner's individual income tax was determined by the Commissioner, who disallowed a bad debt deduction of $6,893.10 and increased gross income by $851.96 received from the receiver of a defunct insurance company. The case was submitted on a stipulation of facts. [The Facts] The taxpayer, a resident of Lansing, Michigan, filed his individual income tax return for 1940 in Detroit. A deduction for $6,893.10 was taken on line 17, bad debts, which in an attached schedule H was described as follows: Republic Automobile Insurance Co.
$7,745.06
LESS First & Final Liquidating Divi-
dend
851.96
LOSS
$6,893.10
"Taxpayer, as an employer and the insured, because of the bankruptcy of the Insurance Co. was required to pay a claim arising from an accident to an employee. The taxpayer filed a claim against the Insurance Co. for $7,745.06 and during 1940 the receiver paid the first and final liquidating dividend of 11%." The Commissioner *362 explained his disallowance of the deduction in the following full statement: "The deduction of $6,893.10 claimed as a bad debt due from Republic Automobile Insurance Company is disallowed under section 23(k) and section 23(e) of the Internal Revenue Code. The amount, as claimed, consists of damages and expenses aggregating $7,745.06, less recovery in the taxable year of $851.96 from the Receiver of the Insurance Company. "From 1930 to 1932 you were a member of the partnership known as Fry and Kain. On April 26, 1932, the partnership dissolved and its business was incorporated as the Fry and Kain Corporation. On April 6, 1939, the corporation dissolved and all its assets were transferred to you, Mr. Kain having died in the interim. "In the year 1930 one of the partnership trucks was involved in an accident in which two individuals suffered injuries. Suit resulted in a verdict for the plaintiffs in the year 1931, which was affirmed upon appeal, in amount of $5,800.00. In the year 1933 payment was made. The Republic Automobile Insurance Company went into receivership while the suit was pending. "The record discloses that a portion of the amount involved here was paid and deducted *363 by the original partnership, and that a further portion was paid and deducted by the successor corporation. "The record does not disclose that any value was attributed to the claim against the Insurance Company when the Fry and Kain corporation assets were transferred to you in liquidation in the year 1939, nor that any deductible loss was sustained by you individually in the year 1940 for Federal income tax purposes. "It is held that the loss resulting from an accident in the year 1930 by a truck owned by the partnership, Fry and Kain, final settlement of which was made in the year 1933, does not constitute a proper deduction in the year 1940. "It is further held that the amount of $851.96 received in the year 1940 from the Receiver of the Republic Automobile Insurance Company constitutes taxable income in that year." The stipulated facts are not different from those stated by the Commissioner. Petitioner was a member of the partnership in 1931, when the accident occurred for which the partnership was found liable in a verdict for $5,800. In the same year, 1931, the insurance company with which they carried liability insurance went into receivership. In 1932, the partnership *364 was dissolved and the business was taken over by a corporation of which petitioner and his partner's administratrix took stock. In 1932, to support an appeal bond, petitioner and the administratrix of his deceased partner deposited collateral, the value of petitioner's share being $5,527.63 and of the other share being $1,463.94, a total value of $6,991.57. Upon affirmance in 1933, the surety company paid the judgment with interest and costs, then amounting to $7,000, and took the collateral. The judgment was satisfied in November, 1933, by a release of petitioner individually, the estate of his partner, a Michigan corporation called Fry and Kain, the surety company, and an ancillary receiver of another corporation. "Sometime thereafter" petitioner and his partner's administratrix filed a claim for $7,745.06 against the receiver of the insurance company, "claiming in effect the right to contribution," and in 1940 petitioner received a final liquidating dividend of 11% of his claim, - $851.96. In 1931, 1932 and 1933, small amounts were deducted by the partnership and the corporation, but the stipulation neither explains nor describes them. Upon these stipulated facts, the petitioner *365 argues for the deduction in 1940 of the differences between the $7,745.06, for which he and his deceased partner's administratrix filed a claim with the receiver of the insurance company at some unstated time after 1933, and the $851.96 which he received in 1940. The essence of the alleged deduction is that from the time of filing the claim with the receiver of the insurance company petitioner individually was a creditor of the insurance company in the amount of the claim and that the claim was a debt which subsisted in its full face amount until 1940 and then became worthless to the extent of all but the 11% paid in liquidation. But from the facts stipulated, it cannot be found that petitioner was indeed the holder of such a debt. The mere fact that he and his deceased partner's administratrix some time after 1933 filed a claim with the receiver for "in effect the right to contribution" is not enough to establish that to them together or to him individually the insurance company owed a debt, that if he was the owner of such a debt, it persisted in full force and value and did not become worthless soon thereafter or before 1940, that such a debt should not properly have been charged *366 off in a year before 1940, or was not so charged off and deducted. The petitioner calls attention to some testimony of the erstwhile receiver of the insurance company that the insurance company had been the owner of some real property and some accounts receivable the value of which were not definitely known; but this is not enough to prove that a debt owned by the insurance company was not substantially worthless before 1940. The Commissioner determined, as stated in the deficiency notice, that no value was given to the claim against the insurance company when the Fry and Kain corporation assets were delivered to the petitioner in liquidation in 1939. If the Fry and Kain corporation was the owner of the claim (the stipulation is silent on the subject), it cannot be found that petitioner was indeed the owner of the claim or that it had any value. We therefore sustain the Commissioner's disallowance of the deduction of $6,983.10, even though petitioner now contests only $4,675.67 thereof. There is also a lack of foundation for reversing the Commissioner's determination that the $851.96 received by the petitioner from the receiver in 1940 was income to him. The disallowance of the *367 deduction for the alleged bad debt follows from an insufficient proof that a debt existed or that it became worthless in 1940. The proof as to the $851.96 received is that it was a final liquidating dividend of 11% paid by the receiver to claimants. Without knowing the legal nature of the basis for the payment to petitioner, we cannot find that it was a recovery of a debt due petitioner of such a character and history that it may not be treated as income when received. The determination is therefore sustained. Decision will be entered for the Respondent.